UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DANIEL J. FREY, M.D.            CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF        NO.: 3:16-00489-BAJ-EWD
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE AND
LOUISIANA STATE UNIVERSITY
HEALTH SCIENCES CENTER —
NEW ORLEANS, THROUGH ITS
CHANCELLOR, LARRY H.
HOLLIER, IN HIS OFFICIAL
CAPACITY

## ORDER

On February 15, 2018, this Court held a *Pretrial Conference* with the parties in this case.[1] During the *Pretrial Conference*, the Court set Oral Argument for June 4, 2018 on the Defendant's *Daubert Motion to Exclude Evidence (Report) and Testimony of B. Robert Kreiser, Ph.D.*[2] Plaintiff's proffered due process expert, and any motions in limine that were subsequently filed.[3] On May 14, 2018, a letter dated May 11, 2018 and addressed to the undersigned was filed into the record of this case.[4] The letter, submitted and signed by counsel for all of the parties, requested that the Court cancel the June 4, 2018 hearing on the Defendant's *Daubert Motion*, and, instead, render its

---

[1] Doc. 75.
[2] Doc. 50. The *Daubert* Motion was filed on behalf of Defendant, The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.
[3] Doc. 75.
[4] Doc. 97.

1

*Daubert* ruling based solely on the memoranda and exhibits that have been filed into the record.

Initially, the Court admonishes counsel for all of the parties in this case for violating this Court's Local Rules and procedures by attempting to communicate with the Court on a substantive matter via correspondence. In this case, where the parties are jointly requesting that the Court take certain action (i.e., cancel the *Daubert* hearing as to Dr. Kreiser), the filing of a motion is the proper means of communicating with the Court.[5] It has also come to the undersigned's attention that prior to filing this letter into the record, counsel for the parties attempted to submit said letter to the Court via facsimile, which is an inappropriate means of communicating with the Court, and then through the undersigned's Work-Box, which is strictly to be used for the submission of proposed orders. In fact, the web-site for the United States District Court for the Middle District of Louisiana expressly admonishes this activity as follows: "Communications or inquiries may not be submitted to the 'Proposed Orders' e-mail addresses for the District Judges, Magistrate Judges, or Clerk's Office. Any correspondence other than orders submitted to these e-mail addresses shall be deleted."[6]

The Court now turns its attention to the substance of the parties May 11, 2018 letter. The parties have essentially requested that, instead of holding a hearing, the Court rule on the Defendant's *Daubert* challenge to Dr. Kreiser strictly on the briefs and exhibits that have been filed into the record. The role of the trial court is to serve as

---

[5]*See*, Local Civil Rule 11 – Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions. Available on-line at http://www.lamd.uscourts.gov/court-info/local-rules-and-orders.
[6]*See*, Email Proposed Orders and Judgments. Available on-line at http://www.lamd.uscourts.gov/email-proposed-orders-and-judgments.

2

the gatekeeper for expert testimony by making the determination of whether the expert opinion is sufficiently reliable and relevant.[7] Therefore, when *Daubert* is invoked, a district court may, but is not required to, hold a hearing where the proffered opinion may be challenged.[8] In this case, however, the Court believes that it will better serve its duty as a gatekeeper and fulfill its screening function of ensuring that Dr. Kreiser's proffered opinion is reliable and relevant to the facts at issue in the case by conducting a *Daubert* hearing. Therefore, Dr. Kreiser will be expected to be present at the June 4, 2018 hearing.

The Court further apprises the parties that to the extent any of the other five *Motions in Limine* that have since been filed in this case will require witness testimony, the parties are responsible for having those witnesses available and present at the June 4, 2018 hearing.[9]

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 15TH day of May, 2018.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[7] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Fayard v. Tire Kingdom, Inc.*, Civil Action No. 09-171, 2010 WL 3999011, *1 (M.D.La. Oct. 12, 2010).
[8] *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 201 (5th Cir. 2016).
[9] Plaintiff has filed two *Motions in Limine* seeking to exclude certain witnesses from testifying and challenging the admissibility of certain evidence at trial. Docs. 84 and 86. The Defendants have likewise filed two *Motions in Limine* seeking to exclude the deposition testimony and transcript of King F. Alexander and other documentation related to punitive damages, insurance, and a faculty senate policy. Docs. 85 and 88. The Defendants have also filed a *Motion in Limine* to preclude the Plaintiff from being able to cross-examine Louisiana State University Health Sciences Center's in-house counsel, Katherine Muslow, at the trial in this case. Doc. 87. This Motion was filed in response to Plaintiff's *Motion for Leave* to Cross-Examine Katherine Muslow at trial. Doc. 82.