UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL J. FREY                           CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF            NO.: 16-00489-BAJ-EWD
LOUISIANA STATE UNITIVERSITY &
A&M COLLEGE, ET AL.

## RULING AND ORDER

Before the Court are the **Motion in Limine to Exclude the Testimony of B. Robert Kreiser, Ph.D. (Doc. 50)**; the **Motion in Limine to Exclude Deposition Transcript and Related Testimony of President F. King Alexander (Doc. 85)**; the **Motion in Limine to Preclude Plaintiff from Introducing the Testimony of Katherine Muslow (Doc. 87)**; and the **Motion in Limine to Exclude Evidence at Trial (Doc. 88)** filed by Defendants, and the **Motion in Limine to Exclude Certain Evidence at Trial (Doc. 84)** and the **Motion in Limine to Exclude Certain Documents from Evidence (Doc. 86)** filed by Plaintiffs. The Court held oral argument on the motions on June 4, 2018. For the following reasons, Defendants' motions are **GRANTED IN PART** and **DENIED IN PART**.

I.     BACKGROUND

Plaintiff, Dr. Daniel Frey, was a tenured professor at the Louisiana State University ("LSU") School of Medicine's Surgery Department. (Doc 49-3 at p 19, ll. 3–11). Plaintiff had held a tenured position since 1997. (*Id.* p. 22, ll. 9–10). After being terminated from his faculty position at LSU Health Sciences Center, New

Orleans ("LSUHSC") on February 16, 2016, Plaintiff brought suit in state court, alleging denial of his substantive and procedural due process rights under the United States and Louisiana constitutions, as well as claims for breach of contract and wrongful termination under Louisiana law. (Doc. 1-1 at pp. 11–13). Defendants are the Board of Supervisors of Louisiana State University and A&M College ("LSU Board") and Larry H. Hollier in his official capacity as Chancellor of LSUHSC.[1] (*Id.* at p. 3). Defendants removed the case to federal court. (Doc. 1).

## II. LEGAL STANDARD

The party objecting to the admission of evidence bears the burden of establishing the inadmissibility of that evidence. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

## III. DISCUSSION

### A. Defendants' Motions

#### *1. Motion in Limine to Exclude the Testimony of B. Robert Kreiser, Ph.D.*

Defendants seek to exclude the testimony of Dr. Kreiser, who Plaintiff proffers as an expert "in the customs and practices in American colleges and universities." (Doc. 50-3 at p. 1). Plaintiffs want Dr. Kreiser to offer expert testimony on whether Defendants' actions "involved departures from the university's own applicable policies, practices, and procedures as well as from the normative standards of the higher education community." (*Id.*).

---

[1] The Court dismissed Plaintiff's claims against LSUHSC. (*See* Doc. 150).

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. The Rule states that a witness "qualified as an expert by knowledge, skill, experience, training, or education" is permitted to testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based upon sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702 is effectively a codification of the United States Supreme Court's opinion in *Daubert,* in which the Supreme Court held that trial courts should serve as gatekeepers for expert testimony and should not admit such testimony without first determining that it is both "reliable" and "relevant." *Daubert v. Merrell Dowell Pharm., Inc.*, 509 U.S. 579, 589 (1993). *Daubert* was concerned with limiting speculative, unreliable, and irrelevant opinions from reaching a jury. *Id.* at 589 n.7.

The validity or correctness of the conclusions an expert reaches is for the fact finder to determine after the *Daubert* analysis. *Pipitone v. Biomatrix*, Inc., 288 F.3d 239, 250 (5th Cir. 2002). "Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments).

Although "[a]n opinion is not objectionable just because it embraces an ultimate issue," Fed. R. Evid. 704(a), an expert opinion may not offer conclusions of law. *See Owen v. Kerr McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). "An expert who usurps either the role of the judge by instructing the jury on the applicable law or the role of the jury by applying the law to the facts at issue 'by definition does not aid the jury in making a decision.'" *Taylor v. Clarke Power Services, Inc.*, Civil Action No. 16-15890, 2017 WL 5068335, at *3 (E.D. La. Nov. 2, 2017) (quoting *Nagle v. Gusman*, Civil Action No. 12-1910, 2016 WL 541436, at *5 (E.D. La. Feb. 11, 2016)(internal citations omitted).

The Court will assume that Dr. Kreiser is qualified to testify on the customs and practices of American colleges and universities. Nonetheless, Court will exclude Dr. Kreiser's testimony, which focuses on the American Association of University Professors ("AAUP") tenure standards. (*See* Doc. 50-3 pp. 3–4). As discussed in the Court's Ruling on Defendant's Motion for Summary Judgment (Doc. 150), Plaintiff has not shown that the AAUP standards apply to him. Therefore, such testimony would not assist the trier of fact in determining whether Defendants breached Plaintiff's contract or whether his procedural due process rights were violated. To the extent that Dr. Kreiser seeks offer his opinion that Plaintiff's "reading of the handbook's applicable provisions is manifestly correct," his testimony concerns the interpretation of the contract and must be excluded. "Federal courts have consistently held that expert testimony on issues of contractual interpretation is inappropriate and that such issues are reserved for the judge and jury." *SJB Grp., LLC v. TBE Grp., Inc.*, No. 12-181, 2013 WL 4499032, at *3 (M.D. La. Aug. 19, 2013)

4

(Dick, J.) (quoting *DP Concrete Prods., LLC v. Am. Spring Wire Corp.*, 2010 WL 322739 at *1 (W.D. La. 2010)). Accordingly, Defendant's motion in limine to exclude the testimony of Dr. Kreiser is **GRANTED**.

### 2. *Motion in Limine to Exclude the Deposition Transcript and Related Testimony of President F. King Alexander*

Defendants argue that Plaintiff should be precluded from calling Louisiana State University President Alexander at trial because they failed to identify him as a witness during the relevant discovery period. Further, Defendants claim that the Court should not allow the introduction of President Alexander's deposition from an separate civil lawsuit *BRFHH Shreveport, LLC v. Willis-Knighton Medical Ctr.*, No. 15-02057 (W.D. La. 2015), because it is an antitrust case that involves separate parties and subject matter. (Doc. 85-2 at p. 2). Plaintiff claims that it is rebuttal evidence that need not be included in the pretrial order and that the evidence is relevant to expected testimony that Plaintiff was seeking to work for a competitor of Lafayette General, which took over operation of University Hospital and Clinics. (Doc. 92).

"Rule 26(a) specifically requires parties, without awaiting a discovery request, to provide initial disclosures to the other parties. These initial disclosures must be supplemented or corrected 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." *Painter v. Suire*, 2014 WL 4925522, at *2 (M.D. La. Sept. 30, 2014) (quoting Fed. R. Civ. P. R. 26(e)). "Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party who fails to provide information or identify a witness as required by Rule 26(a) or (e), 'is not

5

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless or justified.'" *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). The United States Court of Appeals for the Fifth Circuit has delineated four factors to assess whether a Rule 26 violation is harmless or substantially justified: "(1) the importance of the evidence; (2) the prejudice to the opposing party; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Foundation v. Magna Transp. Inc.*, 338 F.3d 394, at 402 (5th Cir. 2003). However, "[w]itnesses that are used solely for impeachment do not have to be disclosed to the opposing party prior to trial." See Fed. R. Civ. P. Rule 26(b)(3); *Longino v. Chiles Offshore, Inc.* 71 F.3d 878 (5th Cir. 1995).

The Court finds that President Alexander's deposition in an unrelated antitrust case should be excluded. It is simply too tangential to be relevant to the issues presented in this case. The Court however finds that President Alexander may properly be considered a rebuttal witness. However, since the Court dismissed Plaintiff's substantive due process claim on summary judgment, the Court believes the testimony would be of little probative value. Therefore, to the extent Plaintiff feels it necessary to call President Alexander as a rebuttal witness, the Court will reserve ruling on the matter until it becomes clear whether President Alexander's testimony would be relevant to issues raised at trial. Accordingly, this motion is **GRANTED IN PART** and **DENIED IN PART**.

### *3. Defendants' Motion in Limine to Preclude Plaintiff from Introducing the Testimony of Katherine Muslow or Documents Protected by Attorney–Client, Work Product, and Deliberative Process Privileges*

Katherine Muslow served as LSU's legal counsel in connection with the dispute at issue in this case. (Doc. 87-1 at p. 2). Defendants argue that the testimony Plaintiff intends to elicit from Muslow is protected by attorney–client privilege. (*Id.*).

During the depositions of Defendants' employees—Drs. Batson, Nelson, and Letourneau—they were asked "what they knew or understood about the decisions" they made with regard to Plaintiff's termination and their refusal to allow him a due process hearing. Plaintiffs argues that each of these witnesses answered that it was based on the advice of counsel, Muslow. (Doc. 103 at pp. 2–4). Because the deponents "refused" to explain the factual, legal, policy, and/or practice bases for their actions, Plaintiff argues that he has no choice but to cross-examine Muslow about this at trial and to offer unredacted documents into evidence. (*Id.* at p. 2).

"Rule 501 makes it clear that state privilege law will apply in diversity cases, and that federal privilege law will apply in federal question cases. However in federal question cases where pendent state law claims have been asserted, the rule is equivocal." *Benson v. Rosenthal*, No. 15-782, 2016 WL 3001129 at *6 (E.D.La. May 25, 2016)(quoting *In re Combustion, Inc.*, 161 F.R.D. 51, 53 (W.D. La.), aff'd, 161 F.R.D. 54 (W.D. La. 1995)(citations omitted)). This Court in *Robertson v. Neuromed. Ctr.*, 169 F.R.D. 80, 82–83 (M.D.La. 1996), explained how "[t]he weight of authority among courts that have confronted this issue in the context of discovery is that the federal law of privilege governs even where the evidence sought might be relevant to

pendent state law claims." (citing *Hancock v. Hobbs*, 967 F.2d 462, at 466 (11th Cir. 1992)).

In *Ward v. Succession of Freeman*, the Fifth Circuit explained that in determining whether a party has invoked the advice of counsel as a defense, "[t]he issue that controls our inquiry is whether the defendants voluntarily injected a reliance-on-advice-of-counsel issue into the trial." 854 F.2d 780, 787 (5th Cir. 1988). "Where a party asserts reliance on advice of counsel as an essential element of his defense, that party waives the attorney-client privilege with respect to all communications, whether written or oral, to or from counsel concerning the transactions for which counsel's advice was sought."[2] *Hasty v. Lockheed Martin Corp.*, No. 98-1950, 1999 WL 600322, at *1 (E.D. La. Aug. 6, 1999).

The Court need not resolve the issue of which privilege rules apply because the Court finds that under either state or federal rules Plaintiff has not made a sufficient showing that Defendants intend to rely on the advice-of-counsel defense. Defendant's defense is essentially that Plaintiff received all process that was due and that Defendants did not breach the contract. The advice of an attorney is irrelevant to those defenses. Additionally, Plaintiff has not demonstrated any other compelling need for privileged attorney–client communications or work product or that any information was improperly classified as privileged. Accordingly, Defendant's motion is **GRANTED**.

---

[2] For instance, if a defendant's defense relies on lack of scienter, that may support a finding of "good cause" to open attorney-client privilege. *See Ward*, 854 F.2d at 786–87.

8

### 4. Motion in Limine to Exclude Evidence at Trial

#### i. Motion to Exclude Evidence Relating to Punitive Damages

Because the Court dismissed Plaintiff's punitive damages claim (Doc. 150), this portion of the motion is **GRANTED**.

#### ii. Motion to Exclude the Association of Louisiana Faculty Senates and Louisiana Statewide Colleagues Collaborative Umbrella Policy

Defendants contends that although Plaintiff claims that Defendants failed to follow their own policies before terminating him, there is no evidence that the Association of Louisiana Faculty Senates and Louisiana Statewide Colleagues Collaborative Umbrella Policy (the "Policy"') represents Defendant's policies. (Doc. 88-6 at pp. 2–3).

Plaintiff asserts that because certain portions of the Policy and the 2014 LSUHSC Faculty Handbook contain similar, as well as different, provisions, it is relevant. (Doc. 93 at p. 4). Because certain sections of the LSUHSC Faculty Handbook track certain sections of the Policy, Plaintiff contends that at least "some parts" of the Policy are relevant. (*Id.* at p. 7).

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 further provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Having reviewed the Policy, the Court will exclude it at trial based on Rule 403. The Court finds that the Policy is of little probative value because Plaintiff has not shown that it was binding on him. At the same time, introducing a document that is similar to the faculty handbook, which is binding, creates a substantial likelihood of confusion of the issues or of misleading the jury. *See* Fed R. Evid. 403. Therefore, the motion in limine with respect to the Policy is **GRANTED**.

### iii. Late Produced Insurance Documents

Defendants object to Plaintiff introducing or referring to any losses sustained by FreySurgical, LLC for payment of health, malpractice, or business insurance, and documents identified on the Joint Pretrial Order Plaintiff's Exhibit 12, because Plaintiff failed to produce these documents through any supplemental discovery response prior to the discovery deadline; they were only produced after the pretrial order was filed in April of 2018. (Doc. 88-6 at pp. 4–5). Defendants also argue that because these losses are attributed to Plaintiff's business, and FreySurgical, LLC is not a party to this suit; therefore, these losses are irrelevant or unduly prejudicial. (*Id.* at pp. 4–7).

Plaintiff asserts that because he and his wife are the sole members of FreySurgical, LLC, Defendants can ask Plaintiff at trial how the insurance invoices were paid. Plaintiff argues that although the insurance policy invoices were not provided to Defendants before the Pre-Trial Order, they need not be excluded and

discovery is unnecessary. (Doc. 93 at p. 8). Any questions Defendants may have about them can be asked directly to Plaintiff during trial. (*Id.*).

"Rule 26(a) specifically requires parties, without awaiting a discovery request, to provide initial disclosures to the other parties. These initial disclosures must be supplemented or corrected 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." *Painter v. Suire*, 2014 WL 4925522, at *2 (M.D. La. Sept. 30, 2014) (quoting Fed. R. Civ. P. R. 26(e)). "Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party who fails to provide information or identify a witness as required by Rule 26(a) or (e), 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless or justified.'" *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). As previously noted, the Fifth Circuit has delineated four factors to assess whether a Rule 26 violation is harmless or substantially justified: "(1) the importance of the evidence; (2) the prejudice to the opposing party; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Magna Trasp. Inc.*, 338 F.3d at 402.

The discovery deadline for this case was August 30, 2017. (Doc. 24). Plaintiff makes no attempt to show that the late disclosures substantially justified. *See* Fed. R. Evid. 37. Plaintiff appears to argue that the late disclosures are harmless because Defendants can simply question Plaintiff about the invoices at trial. But the purpose of Rule 26 disclosures is to prohibit trial by surprise and to let the parties know all of the potential evidence well in advance of trial. Moreover, considering the factors enumerated by the Fifth Circuit, the Court finds the evidence is of little importance

11

compared to the overall damages that Plaintiff is seeking, and that Defendants would be prejudiced by not having an opportunity to ask about the documents before trial. Additionally, Plaintiff has provided no explanation for his failure to disclose. *See Magna Trasp. Inc.*, 338 F.3d at 402. Therefore, Defendants' motion to exclude the payment of health, malpractice, or business insurance is **GRANTED**.

### B. Plaintiff's Motions

Plaintiff's first motion in limine seeks to exclude certain witnesses from testifying about various topics. (Doc. 84). The second, complimentary motion seeks to exclude numerous documents from being introduced at trial. (Doc. 86).

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 further provides that"[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Federal Rule of Evidence 404(b) applies in both civil and criminal cases. *See Carson v. Polley*, 689 F.2d 562, 575 (5th Cir. 1982). Rule 404(b) governs the admission of crimes, wrongs, or other acts. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character," but such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The Fifth Circuit's test for determining whether evidence of a crime, wrong, or other act is

admissible consists of a two-pronged analysis: "First, it must be determined that the extrinsic evidence offense is relevant to an issue other than the defendant's character," and "[s]econd, the evidence must possess probative value that is not substantially outweighed by undue prejudice." *Carson,* 689 F. 2d at 572 (quoting *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc)).

### 1. Motion in Limine to Exclude Certain Testimony From Evidence

#### i. Testimony of Mimi Singer Lee

Plaintiff seeks to exclude the testimony of Mimi Singer Lee, who Defendants identify as a witness regarding the Academic Freedom and Tenure Policy. (Doc. 84-1 at pp. 1–2). Because the Court has ruled that the Academic Freedom and Tenure Policy will be excluded from trial, Mimi Singer Lee's testimony about the Policy will be excluded as well. This portion of the motion is **GRANTED**.

#### ii. Testimony of Dr. Wang

Plaintiff argues that Defendants should be prohibited from questioning any of its witnesses regarding Dr. Yi-Zam Wang and LSUHSC's handling of his reassignment and whether he was placed on leave without pay ("LWOP") because he is not a proper comparator to Plaintiff. (Doc. 84-1 at pp. 3–4). Specifically, Plaintiff argues that Dr. Wang was not tenured. According to Plaintiff, such testimony is irrelevant and prejudicial. (*Id.*) Defendants argue that he was a tenured professor and therefore testimony about him is relevant to whether Defendants followed their own policies and procedures.

13

The Court finds that such testimony is relevant and is not unduly prejudicial to Plaintiff. Accordingly, this portion of the motion is **DENIED**.

### iii. Testimony Concerning the PULSE Program and 2008 Complaints

Plaintiff seeks to exclude evidence relating to his participation in a behavioral improvement program from 2009–10 and complaints made against him in 2008. (Doc. 84-1 at pp. 4–5). The Court will exclude this evidence. These incidents were not cited in either of the notices of termination provided to Plaintiff. They occurred years before his resignation and ultimate termination. Therefore, these incidents have little probative value and their introduction would be substantially outweighed by the risk of unfair prejudice. Therefore, this portion of the motion is **GRANTED**.

### iv. Testimony Concerning Quality Management Concern Summary Reports

Plaintiff asserts that Defendants should not be allowed to offer any testimony from its witnesses regarding the Quality Management Concern Summary Reports which contain information regarding the 2015 complaints or the complaints themselves. (*Id.* at pp. 6–7).

These complaints are relevant to Plaintiff's first termination hearing, which is at issue in this case. The risk of unfair prejudice is not substantially outweighed by the probative value of such testimony. Therefore, this portion of the motion is **DENIED**.

### v. Testimony from Fact Witnesses Concerning Due Process, Tenure, or Academic Freedom

Plaintiff argues that Defendants should not be allowed to offer expert testimony concerning academic due process, tenure, and academic freedom. (Doc. 84-1 at p. 7).

Rule 701 prohibits a lay witness from offering an opinion based "scientific, technical, or other specialized knowledge."

Although the Court agrees with Plaintiff that such testimony would be inappropriate, Plaintiff has not shown that Defendants seek to offer any such testimony. Accordingly, this portion of the motion is **DENIED** as premature.

## 2. Motion in Limine to Exclude Certain Documents from Evidence

### i. Emails Regarding the American Association of University Professors ("AAUP") Regarding its Inability to Assist Plaintiff

Having excluded testimony concerning AAUP's policies and the testimony of Dr. Robert Kreiser, the Court finds that these emails must be excluded as well. Accordingly, this portion of the motion is **GRANTED**.

### ii. Reassignment Letters to Other Faculty Members

If Defendants establish that the faculty members who received the reassignment letters were subject to the same faculty handbook policies as Plaintiff, the reassignment letters may be relevant to show that Plaintiff was not treated differently from other faculty members. Therefore, this portion of the motion is **DENIED**.

### iii. Unsigned Handwritten Notes

Plaintiff argues that these notes (Doc. 114 pp. 30–32) should be excluded because they cannot be authenticated. Defendants argue the notes can be authenticated.

The admissibility of the handwritten notes turns on whether Defendants can (1) properly authenticate them and (2) establish that they are subject to an exception of the hearsay rule. The Court will allow Defendants an opportunity to attempt to do so at trial. Accordingly, this portion of the motion is **DENIED**.

### iv. Quality Management Concern Summary Reports

These reports address complaints made against Plaintiff in 2015. (Doc. 114 pp. 33–40). If a proper foundation can be laid to introduce these records, the Court will allow them into evidence for the same reason it will allow testimony concerning the complaints Plaintiff received in 2015. Thus, this portion of the motion is **DENIED**.

### v. LSUHSC "PER3" Forms

These forms show changes in the terms of Plaintiff's employment, including compensation. (Doc. 114 at pp. 41–112) Plaintiff argues that they are irrelevant because they show changes that pre-date this lawsuit.

Having reviewed these documents, the Court finds these documents are relevant to the issue of damages because they show Plaintiff's compensation. Moreover, these documents overlap with the time period at issue in this litigation. Therefore, this portion of the motion is **DENIED**.

### vi. PULSE Program Documents

Having excluded evidence concerning testimony of Plaintiff's participation in the PULSE Program, the Court finds that these documents will be excluded as well. The portion of the motion addressing PULSE Program documents is therefore **GRANTED**.

### vii. Certain Emails of Dr. Chappius

This portion of the motion concerns an April 22, 2015 email from Dr. Dean Colomb to Dr. Chappuis about a comment Plaintiff made to Dr. Colomb about her failing her board exam and an August 31, 2015 email exchange between Dr. Chappuis and Simone Oliver regarding his request to review Plaintiff's folder regarding the most recent complaints. (Doc. 114-1 pp. 92–94).

Plaintiff argues that these documents should be excluded because of their irrelevancy and potential confusion. The Court will exclude the emails under Rule 403. The Court finds there is a substantial risk of confusion because these were not formal complaints against Defendant that formed the basis of his original termination letter. Moreover, the Court finds the emails are unnecessarily cumulative. Accordingly, this portion of the motion is **GRANTED**.

### viii. Response Regarding Employment Opportunities for Surgeons

Plaintiff argues that these documents (Doc. 114-1 pp. 95–108) are irrelevant because Plaintiff did not accept any employment offers that were provided in these exhibits.

The Court finds that these exhibits are relevant to Plaintiff's breach-of-contract claim. If Defendants can authenticate the exhibits, they are relevant to mitigation of damages, which will be at issue in this case. Therefore, this portion of the motion is **DENIED**.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine to Exclude the Testimony of B. Robert Kreiser, Ph.D. (Doc. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Deposition Transcript and Related Testimony of President F. King Alexander (Doc. 85) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude Plaintiff from Introducing the Testimony of Katherine Muslow (Doc. 87) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Cross-Examine Katherine Muslow (Doc. 82) is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion in Limine to Exclude Evidence at Trial (Doc. **88) is GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Certain Evidence at Trial (Doc. 84) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Certain Documents from Evidence (Doc. 86) is **GRANTED IN PART** and **DENIED IN PART**.

Baton Rouge, Louisiana, this 27th day of August, 2018.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**