UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL FREY

CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AND A&M COLLEGE

NO.: 16-00489-BAJ-EWD

ORDER

The Court has considered Defendants' **Motion for an Expedited Telephone Status Conference (Doc. 163)** and Plaintiff's Opposition (Doc. 164). The motion (Doc. 163) is **DENIED**, but based on the parties' disagreement, some clarification is herein offered.

I. BACKGROUND

Plaintiff, Dr. Daniel Frey, was a tenured professor at Louisiana State University ("LSU") School of Medicine's Surgery Department. (Doc. 49-3 at p. 19, ll. 3–11). After being fired from LSU Health Sciences Center, New Orleans ("LSUHSC") on February 16, 2016, Plaintiff brought suit, alleging denial of his substantive and procedural due process rights under the United States and Louisiana constitutions, as well as claims for breach of contract and wrongful termination under Louisiana law. (Doc. 1-1 at pp. 11-13). On August 23rd, the Court issued its Ruling on Summary Judgment (Doc. 150). On August 27th the Court issued its Ruling on the Parties' Motion in Limine (Doc. 153).

## II. DISCUSSION

### A. Remaining Claims

Plaintiff's Procedural Due Process claim against Chancellor Hollier in his official capacity, brought pursuant to 42 U.S.C. § 1983, survives. (Doc. 150 pp. 12-13). Plaintiff's substantive due process claim was dismissed. (Doc. 150 at p. 14).

Plaintiff's breach of contract and wrongful termination claims under Louisiana law survive, but only regarding the LSU Board's alleged breach of the faculty handbook. (Doc. 150 at p. 15).

### B. Motion in Limine

The Court excluded evidence of Dr. Frey's participation in the PULSE program and 2008 complaints because they did not form the basis of the medical school's request to terminate Dr. Frey. (Doc. 153 pp. 14, 17). Therefore, the Court will not allow any reference to these years-old complaints unless Plaintiff opens the door to them.

### C. Presence of Named Defendant

The Court requires the presence of all named Defendants at trial, including a representative for the LSU board.

### D. Relevance of Remaining Evidence

The Court has clarified which claims are remaining and trusts that the parties will use the limited amount of time at trial to prove the remaining claims. Although the Court will entertain challenges for relevancy at trial, the

Court does not intend to issue any blanket ruling prior to trial on the relevancy of certain evidence.

Baton Rouge, Louisiana, this 21st day of September, 2018.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA